IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| GARY A. GEORGE, SR.; KATHLYN P. WORRELL; and EILEEN V. WORRELL, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:22-cv-0029<br>)<br>) |
| DLJ MORTGAGE CAPITAL, INC.; BANCO POPULAR, INC., | )<br>)<br>) |
| Defendants. | ) |

## ORDER

**BEFORE THE COURT** are Banco Popular, Inc.'s ("BP") Motion to Dismiss for Failure to State a Claim (ECF No. 38) and DLJ Mortgage Capital, Inc.'s ("DLJ") Motion to Dismiss and Joinder in Banco Popular, Inc.'s Motion to Dismiss Complaint (ECF No. 42). Plaintiffs, Gary A. George, Sr. ("George"), Kathlyn P. Worrell ("K. Worrell") and Eileen V. Worrell opposed the motions (ECF Nos. 57, 58, 60, 61, 62, 63). BP and DLJ filed their respective replies to George's opposition (ECF No. 59, 65). For the following reasons, the Court will grant the motions.

## I. BACKGROUND

On April 25, 2022, Plaintiffs, proceeding *pro se*, filed a complaint seeking to enjoin Defendants from moving forward with the Marshal's April 28, 2022 sale of Parcel 254 Estate Contant in St. Thomas ("254 Estate Contant") and Parcel 4G-3 Estate Contant No. 2 Cruz Bay Quarter in St. John, U.S. Virgin Islands ("Parcel 4G-3 Estate Contant"). Plaintiffs allege that on May 30, 2003, K. Worrell received a warranty deed for Parcel 4G-3 Estate Contant which restricted the conveyed interests from being sold or conveyed to persons not related by blood or by legal adoption to her. Plaintiffs assert that on January 8, 2007, George and K. Worrell executed the first offer from BP in the amount of $750,000 for the construction of their home at Parcel 254 Estate Contant. George and K. Worrell provided BP with their income tax returns showing an annual combined income of $69,789.

According to Plaintiffs, based on a real estate appraisal to construct the property, BP provided a counteroffer in the amount of $904,000, which Plaintiffs executed on February 5, 2007 and secured by collateral Parcel 254 Estate Contant and Parcel 4G-3 Estate Contact, the assignment of rental income of $1,762.50 from Parcel "4E Estate Contant, St. John, given to K. Worrell from Theresa A. Worrell and the assignment of $3,500 derived from the promissory note date January 30, 2007, between K. Worrell and Ingrid Worrell-Jackson and Alfred A. Jackson." (Compl. ¶ 16.) On February 26, 2007, K. Worrell provided BP with an email rescinding the January 30, 2007 promissory note due to the warranty deed restriction on sale, voiding the $3,500 per month potential income. However, Plaintiffs executed the mortgage agreement with BP on March 20, 2007. Thereafter, they defaulted on the loan.

On September 21, 2018, DLJ filed an action for debt and foreclosure in this Court against George, K. Worrell, and E. Worrell. *See DLJ Mortgage Capital, Inc. v. George et al.*, No. 3:18-cv-0086, ECF No. 1. The 2018 case involves the same real estate at issue in this case. After obtaining an Entry of Default against Plaintiffs in the 2018 case, the Court issued a Judgment on August 6, 2019, in favor of DLJ and against the Plaintiffs foreclosing on the property in this action authorizing a marshal's sale. *Id.* at ECF No. 29.

Plaintiffs' complaint recognizes that DLJ was able to obtain a foreclosure judgment in the 2018 case. However, Plaintiffs allege that K. Worrell was on active military duty from 2011 to 2014. Plaintiffs further allege that: (1) Defendant DLJ failed to engage in mandatory mediation pursuant to Virgin Islands law and DLJ sent a notice of mediation to non-existing addresses preventing Plaintiffs from receiving it; (2) the Warranty Deed for 4G-3 Estate Contact restricts the parcel from being sold outside the family; (3) K. Worrell advised BP of her active military status and was protected pursuant to the Servicemember Civil Rights Act limiting her interest rate to no more than six percent during the period of military service; and (4) Plaintiffs did not receive a credit for the $210,000 that George and K. Worrell deposited with BP against the loan. Plaintiffs also seek recission of the mortgage and note with respect to both parcels due to Defendants' predatory lending practices because BP knew that Plaintiffs lacked sufficient income to pay the loan based on the withdrawal of the

promissory note income of $3,500 per month, the total combined income, and a credit score of less than 650.

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "all well-pleaded allegations of the complaint must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must allege sufficient factual matter to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023). *Pro se* pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Shorter v. United States*, 12 F.4th 366, 371 (3d Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Defendants argue that Plaintiffs' claims are barred by the doctrine of *res judicata*.[1] Plaintiffs argue that *res judicata* does not apply because a new and independent breach was committed.

"[T]he doctrine of claim preclusion, or res judicata ... bars 'repetitious suits involving the same cause of action' once 'a court of competent jurisdiction has entered a final judgment on the merits.'" *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 315 (2011) (quoting *Commissioner v. Sunnen,* 333 U.S. 591, 597 (1948)). "At the motion to dismiss stage, courts may grant a Rule 12(b)(6) motion on the basis of *res judicata*, an affirmative defense, only 'if the predicate establishing the defense is apparent from the face of the complaint.' If it is not, 'the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material.'"

---

[1] Defendants raise several arguments in their respective motions to dismiss. However, because the Court finds that res judicata bars Plaintiffs' claims, the Court finds it unnecessary to address Defendants remaining arguments.

*Chaudhari v. Parker*, No. 21-1337, 2022 WL 3025478, at *2 (3d Cir. Aug. 1, 2022) (citations omitted). The party asserting res judicata must establish "that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984). "In deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus.*, 746 F.2d 977, 984 (3d Cir.1984)). "The doctrine of res judicata bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

The affirmative defense of *res judicata* is properly raised in the instant motions pursuant to Fed. R. Civ. P. 12(b)(6) because its predicate is apparent from the face of the complaint. Plaintiffs allege that DLJ, the purchaser of the loan from BP, foreclosed on the properties subject to this action on August 6, 2019, which is the date of the default judgment in the debt and foreclosure action captioned *DLJ Mortgage Capital, Inc. v. George et al.*, No. 3:18-cv-0086 in this court. Plaintiffs seek to enjoin the Marshal's sale of the properties, which was ordered by the default judgment in that case. The August 6, 2019 default judgment in the previous action for debt and foreclosure by DLJ against the same persons who are Plaintiffs in this action is a final judgment on the merits. *Shah v. United States*, 540 F. App'x 91, 93 (3d Cir. 2013) ("*Res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim," which is why "it has long been the law that default judgments can support *res judicata* as surely as judgments on the merits."). Although BP was not a party to the previous action, it is in privity with DLJ as a predecessor in interest in the mortgage that DLJ purchased from BP, which is the subject to this action as well as the previous action. *See In re Montgomery Ward, LLC*, 634 F.3d 732, 737 (3d Cir. 2011) (privity exists where "the nonparty had a substantive legal relationship with a party, and a successor in interest has such a relationship with its predecessor.").

Moreover, Plaintiffs' claims against DLJ and BP in this action arise out of the same transaction or occurrence that was the subject of the previous action, namely the same mortgage and note involving the same properties. *Elkadrawy*, 584 F.3d at 173 (whether the subsequent action involves the same claims for the purpose of *res judicata* "analysis does not depend on the specific legal theory invoked, but rather 'the essential similarity of the underlying events giving rise to the various legal claims.'") (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir.1982)). Despite Plaintiffs' conclusory assertion to the contrary, the complaint does not allege any new and independent breach that did not exist at the time the previous action was litigated; thus, Plaintiffs' claims in this action should have been, but were not, litigated in the previous action. The Court finds that Plaintiffs' claims in this action are barred by the doctrine of *res judicata*, Accordingly, it is hereby

**ORDERED** that BP's Motion to Dismiss for Failure to State a Claim, ECF No. 38, and DLJ Mortgage Capital, Inc.'s Motion to Dismiss and Joinder in Banco Popular, Inc.'s Motion to Dismiss Complaint, ECF No. 42, are **GRANTED**; it is further

**ORDERED** that the Complaint filed on April 25, 2022, ECF No. 1, is **DISMISSED;** and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** the case.

**Date:** June 28, 2023                    /s/  Robert A. Molloy
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**